**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHERI DAINS, MONICA DOWD, ANGELA
FREIER, JEFFREY HAMLIN,

       Plaintiffs,

       v.

ESSITY NORTH AMERICA INC.,

       Defendant.

Case No. 2:22-cv-12386-TGB-APP

District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

---

**STIPULATED PROTECTIVE ORDER**

Upon the stipulation of Plaintiffs Sheri Dains, Monica Dowd, Angela Freier, and Jeffrey Hamlin (together referred to herein as "Plaintiffs") and Defendant Essity North America, Inc. ("Defendant") (Plaintiffs and Defendant together are referred to herein as the "Parties"),

IT IS HEREBY ORDERED as follows:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. Accordingly, the Parties hereby agree to enter the following Confidentiality Agreement (this "Agreement"). The Parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

    2.1    Challenging Party: a Party or Non-Party that challenges the designation of

information or items under this Agreement.

2.2     "CONFIDENTIAL" Information or Items:  all information, documents, or testimony (regardless of how they are generated, stored or maintained) or tangible things that contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Designating Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

2.3     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     In-House Counsel:  attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a Party to

this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party:  any Party to this action, including any individual who joins this action, and all the Parties' officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or

becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this action, the confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>MANNER AND TIMING OF DESIGNATIONS.</u>

Except as otherwise provided in this Agreement (*see, e.g.,* second paragraph of section 5(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Agreement must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this AGREEMENT requires:

(a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only

a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Agreement. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or, for deposition testimony, that the Designating Party identify all protected testimony in writing at any time up to and including the fifteenth (15th) calendar day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be CONFIDENTIAL subject to the terms of this Order until the end of the fifteenth (15th) calendar day after the date of receipt of the deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     Inadvertent Failures to Designate.   An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Agreement for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a)     Acceptance by any party of discovery material designated as Protected Material shall not constitute a concession that any such discovery material is appropriately so designated.  If the designation is questioned by the Receiving Party, it shall provide written notice of each designation it is challenging within thirty (30) calendar days of receipt of the material and describe the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Agreement.  Counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice of not less than two (2) business days, apply for appropriate ruling(s) from the Court.

(b)     Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court

rules on the challenge.

      7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Agreement.  When this action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees and partners of said Outside Counsel of Record to whom disclosure is reasonably necessary for this action;

      (b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

      (c)    Experts (as defined in this Agreement) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    mediators retained or assigned by the Parties and/or the court, and their

staff, to whom disclosure is reasonably necessary for the settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, Non-Party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement; and

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a)     The terms of this Agreement are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this action is protected by the remedies and relief provided by this Agreement.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of this Agreement in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential information.

## 10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

In the event that a Party producing documents discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the Producing Party shall notify the Receiving Party of the discovery of the error.  The Receiving Party shall promptly return all copies of the information or documents to the Producing Party.  However, if the Receiving Party wishes to challenge the Producing Party's assertion of privilege, the Receiving Party may, with notice to the Producing Party, provide the Court with one copy of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged.  The Producing Party shall then make a submission to the Court about why the disputed privileged material should be considered privileged.  The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege or work product doctrine.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Agreement abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By entering into this Agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreement.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Agreement.

12.3   Filing Protected Material.   Without   written   permission   from   the

Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Motion papers or other Court filings that disclose Protected Material shall automatically be deemed confidential subject to the terms of this Agreement, unless otherwise agreed in writing by the Parties.  In filing Protected Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Material, the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Protected Material with the Clerk of this Court, and the Parties shall serve the Court and opposing counsel with unredacted courtesy copies of the Protected Material.  To the extent required by the Court, the Designating Party will take the necessary steps to file under seal where Protected Material is unavoidably used in the body of the motion and/or contained in the exhibits.  Where (1) the Court requires the Parties to file a submission in support of filing under seal for so-designated confidential and/or redacted information, and (2) the filing party is not the Designating Party, then the filing party will provide advance notice to the Designating Party so that the Designating Party may take the necessary steps to file under seal where required by the Court.

      12.4    Use of a Party's Own Documents.  Nothing contained in this Agreement shall affect or restrict the rights of any Party with respect to its own documents.

      12.5    Admissibility of Produced Documents.  Nothing in this Agreement shall constitute an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this matter.

      12.6    Parties' Responsibility.  The Parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of

this Agreement is achieved.

13.   <u>FINAL DISPOSITION</u>

This Agreement shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the Parties hereto or by order of the Court.  Upon final termination of this matter, a Party producing Protected Material may request the return or destruction of all such material and of other documents containing information or data from the Protected Material, and all copies thereof made by or on behalf of the Receiving Parties, and the Receiving Parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Agreement.  Moreover, any such Protected Material shall not be used by counsel in any way in any other matter, including in any other case, action or proceeding.


SO ORDERED.

Dated:  April 7, 2023

/s/Terrence G. Berg_____
HONORABLE TERRENCE G. BERG
United States District Court Judge

SO AGREED, THROUGH COUNSEL OF RECORD.


Dated:  April 5, 2023

*/s/ Noah S. Hurwitz (with permission)*

Noah S. Hurwitz (P74063)
Brendan J. Childress (P85638)
**HURWITZ LAW PLLC**
340 Beakes Street, Suite 125
Ann Arbor, MI 48103
Ph.: (844) 487-9489
noah@hurwitzlaw.com
brendan@hurwitzlaw.com


*Attorneys for Plaintiffs*

Dated:  April 5, 2023

*/s/ Daniel A. Kadish*

Stephanie Sweitzer (P66376)
**MORGAN LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606
Ph.: (312) 324-1000
Fax: (312) 324-1001
stephanie.sweitzer@morganlewis.com

Daniel Kadish (DK9025)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Ph.: (212) 309-6000
Fax: (212) 309-6001
daniel.kadish@morganlewis.com


*Attorneys for Defendant*

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Michigan in the case of *Dains, et al.  v. Essity North America, Inc.*, No. 2:22-cv-12386 (the "Stipulated Protective Order").  I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: _____

City and state where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                  [signature]